UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAUL PASQUALINI, JR. | : | **CIVIL NO. 4:08-CV-1215** |
| Plaintiff | : | (Magistrate Judge Smyser) |
| v. | : | |
| ALTIERI ENTERPRISES, INC. and GREIG ALTIERI, | : | |
| Defendants | : | |

### **REPORT AND RECOMMENDATION**

I. Background and Procedural History.

The plaintiff, Paul J. Pasqualini, Jr., commenced this action by filing a complaint on June 26, 2008. The defendants named are: 1) Altieri Enterprises, Inc. d/b/a Altieri Homes; and 2) Greig Altieri, individually and d/b/a Altieri Enterprises, Inc.

On August 27, 2008, the Clerk of Court entered the default of defendant Altieri Enterprises, Inc. d/b/a Altieri Homes.

Based on the consent to proceed before a magistrate judge stated by the plaintiff and defendant Greig Altieri in the Joint Case Management Plan, this case was reassigned to this magistrate judge on October 30, 2008.

Defendant Grieg Altieri filed a motion to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6) on September 12, 2008. By an Order dated November 18, 2008, we granted defendant Greig Altieri's motion to dismiss for failure to state a claim upon which relief may be granted. We granted the plaintiff leave to file an amended complaint to properly plead, if appropriate, a claim against defendant Greig Altieri.

The plaintiff filed an amended complaint on December 31, 2008.

A case management conference was held on January 16, 2009. The plaintiff and defendant Greig Altieri participated in the conference. Defendant Altieri Enterprises, Inc. d/b/a Altieri Homes did not participate in the conference. At the conference, the plaintiff and defendant Greig Altieri agreed

2

that the plaintiff would withdraw the amended complaint and that the original complaint would be reinstated as it existed on December 30, 2008.

The plaintiff filed an unopposed motion to withdraw the amended complaint and reinstate the original complaint on February 12, 2009.  By an Order dated February 18, 2009, the plaintiff's motion was granted.  The Order of February 18, 2009 provides that the first amended complaint is deemed withdrawn, that the complaint filed June 26, 2008 and the default entered against defendant Altieri Enterprises, Inc. d/b/a Altieri Homes remain in effect, and that the complaint as to defendant Greig Altieri remains dismissed pursuant to this Court's order dated November 20, 2008.

The plaintiff alleges the following in his original complaint with regard to Defendant Altieri Enterprise, Inc. d/b/a Altieri Homes.

The defendant is a Maryland corporation that promotes, offers and sells to consumers real property upon which residential homes are constructed.

The plaintiff and the defendant entered into an agreement for the sale of real property known as Lot #14 Rolling Hills Estates in York County, Pennsylvania. Settlement occurred on July 21, 2005. However, despite a provision in the agreement of sale that a deed was to be delivered to the plaintiff upon payment of the balance due, a deed was not delivered to the plaintiff at settlement.

On July 28, 2005, one week after settlement, Greig Altieri, as declarant for Altieri Enterprises, Inc., recorded with the York County Recorder of Deeds a "Declaration of Rolling Hills Estates, a Planned Community" and "By-Laws for the Rolling Hills Estates Homeowners association." The defendant executed and recorded the Declaration and By-Laws without actual or constructive notice to the plaintiff. On July 29, 2005, eight days after settlement and one day after recording the Declaration and Bylaws, the defendant executed a

special warranty deed in favor of the plaintiff for Lot #14. The deed makes no mention of the Declaration. The deed was returned to the title company and was recorded on August 8, 2005.

In October of 2005, an agent for the defendant delivered a copy of the Declaration and By-Laws to the plaintiff's residence. In April of 2008, the plaintiff received an invoice from a corporation which manages the Rolling Hills Estates Home Owners Association demanding that the plaintiff pay $150.00 in association dues.

The plaintiff specifically contracted to purchase a home unencumbered by a homeowners association. The plaintiff expended funds to improve the property based upon the representation of the defendants that the property was not encumbered by a homeowners association. However, under the Declaration and By-Laws the plaintiff is now subject to homeowners association dues continuing in perpetuity, restrictions on the use of his property and the edicts of a homeowners association.

The plaintiff alleges that the defendant acted fraudulently and with malice by entering into the agreement of sale for unencumbered property but then executing and recording the Declaration and By-Laws and then executing and delivering a deed to the property.

The complaint contains four counts.

Count I is a breach of contract claim based on the defendant's alleged breach of the agreement of sale. As relief, the plaintiff seeks rescission of the agreement of sale at the plaintiff's discretion, restitution of moneys paid by the plaintiff, disgorgement of ill gotten gains, attorneys fees and costs and such other relief as the Court may deem proper or, in the alternative, damages, attorneys fees and costs and such further relief as the Court deems appropriate.

Count II is a claim under Pennsylvania's Uniform Planned Community Act, 68 Pa.C.S.A. § 5101 et seq. As relief, the plaintiff seeks a declaratory judgment, damages, attorneys

fees and costs and such other relief as the Court deems appropriate.

Count III is a claim for fraudulent misrepresentation. As relief, the plaintiff seeks rescission of the agreement of sale at the plaintiff's discretion, restitution of moneys paid by the plaintiff, disgorgement of ill gotten gains, compensatory damages, punitive damages, attorneys fees and costs and such other relief as the Court deems appropriate.

Count IV is a claim under Pennsylvania's Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 Pa.C.S.A. § 201-1 et seq. As relief, the plaintiff seeks a declaratory judgment that the plaintiff is entitled to relief and the equitable remedy of rescission of the agreement of sale at the plaintiff's discretion, restitution of moneys paid by the plaintiff, treble damages separate and distinct from restitution, attorneys fees and costs and such other relief as the Court may deem proper or, in the alternative, treble damages, restitution, costs and attorneys fees and any such further relief as the Court may deem proper.

In August of 2009, the plaintiff sold the property to a third party.

On October 6, 2009, the plaintiff filed a motion for a default judgment against defendant Altieri Enterprises, Inc. d/b/a Altieri Homes. On November 19, 2009, the undersigned conducted a hearing on the plaintiff's motion for a default judgment. Defendant Altieri Enterprises, Inc. d/b/a Altieri Homes did not appear at the hearing. At the hearing, the plaintiff presented damages evidence. After the hearing, the undersigned ordered the plaintiff to file a brief concerning the correct measure of damages. On December 9, 2009, the plaintiff filed such a brief.

II. Discussion.

The plaintiff is seeking a default judgment against defendant Altieri Enterprises, Inc. d/b/a Altieri Homes. Defendant Altieri Enterprises, Inc. d/b/a Altieri Homes has not filed an answer or otherwise defended this case.

8

Pursuant to Fed.R.Civ.P. 55(b)(2), the court may enter a default judgment against a party how has failed to plead or otherwise defend. "When an application is made to the court under Rule 55(b)(2) for the entry of a judgment by default, the district judge is required to exercise sound judicial discretion in determining whether the judgment should be entered." 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2685 (3d ed.). "Three factors control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). "Where a court enters a default judgment, 'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" *DIRECTV, Inc. v. Pepe,* 431 F.3d 162, 165 n.6 (3d Cir. 2005)(quoting *Comdyne I, Inc. V. Corbin,* 908 F.2d 1142, 1149 (3d Cir. 1990)).

In the instant case, if a default judgment is denied the plaintiff faces the prejudice of not being able to proceed

9

with this action because defendant Altieri Enterprises, Inc. d/b/a Altieri Homes has not appeared or otherwise defended this action. Defendant Altieri Enterprises, Inc. d/b/a Altieri Homes has asserted no defense to the plaintiff's claims which, accepting the factual allegations of the complaint as true, are claims upon which relief may be granted. Finally, the delay in this case is due to defendant Altieri Enterprises, Inc. d/b/a Altieri Homes' failure to appear in this case despite apparently being properly served with the summons and complaint.

Entry of a default judgment against defendant Altieri Enterprises, Inc. d/b/a Altieri Homes is appropriate.

On November 19, 2009, the undersigned held a hearing on the motion for a default judgment. At the hearing, the plaintiff testified that he purchased the property without notice that it would be encumbered by a homeowners association, that had he been aware that the property would be encumbered by a homeowners association he would not have purchased the property and that he decided to sell the property to get out of

the homeowners association. Further, at the hearing the plaintiff, through his own testimony and documentary exhibits, provided evidence regarding the amounts that he is seeking in damages.

The plaintiff is seeking damages for the costs he incurred associated with purchasing the property and then later selling the property. The plaintiff is also seeking damages for sums that he spent on permanent improvements to the property that he made before learning that the property was encumbered by a homeowners association. In addition, with respect to certain counts of the complaint[1] the plaintiff is seeking damages in the amount he paid in real estate taxes and hazard insurance while he owned the property.[2]

---

1. The plaintiff is seeking these amounts only with respect to Counts III (fraudulent misrepresentation) and IV (UTPCPL) of the complaint.

2. In his motion for a default judgment, the plaintiff also sought damages in the amount of interest that he paid on the mortgages on the property while he owned the property. However, in his post-hearing brief, the plaintiff does not seek damages in the amount of interest that he paid on the mortgages on the property while he owned the property. The plaintiff has abandoned his claim to such sums.

The plaintiff is entitled to damages for the costs he incurred in purchasing and later selling the property as well as for improvements he made to the property before learning that it was encumbered by a homeowners association. However, because the plaintiff would have had to pay real estate taxes and hazard insurance on the property regardless of whether or not it was encumbered by a homeowners association and because the plaintiff enjoyed the use of the property during the time that he paid the taxes and insurance on the property, we conclude that the plaintiff is not entitled to damages in the amount that he paid for real estate taxes and hazard insurance on the property.

We accept the plaintiff's calculation of his damages for the costs he incurred in purchasing and later selling the property as well as for improvements he made to the property before learning that it was encumbered by a homeowners association as $43,885.89.

Pursuant to the UTPCPL, the court may, in its discretion, treble the actual damages suffered by the

plaintiff. 73 P.S. 201-9.2 (2008). The court's discretion to treble damages under the UTPCPL is "not closely constrained by the common-law requirements associated with the award of punitive damages." *Schwartz v. Rockey,* 932 A.2d 885, 898 (Pa. 2007). Rather, the court "should focus on the presence of intentional or reckless, wrongful conduct, as to which an award of treble damages would be consistent with, and in furtherance of, the remedial purposes of the UTPCPL." *Id.*

Given that the plaintiff and defendant Altieri Enterprises, Inc. d/b/a Altieri Homes settled on the property on July 21, 2005, that on July 28, 2005, the homeowners association declaration and bylaws were recorded and that on July 29, 2005 (eight days after settlement and one day after recording the declaration and bylaws) the defendant executed a special warranty deed in favor of the plaintiff, we conclude that defendant Altieri Enterprises, Inc. d/b/a Altieri Homes engaged in intentional or reckless wrongful conduct warranting treble damages. Accordingly, we treble $43,885.89 to arrive at a total damages figure of $131,657.67.

The unopposed motion for default judgment against defendant Altieri Enterprises, Inc. d/b/a Altieri Homes should be granted. However, since defendant Altieri Enterprises, Inc. d/b/a Altieri Homes has not consented to proceed before a magistrate judge, the undersigned can not enter default judgment against it. See *Henry v. Tri-Services, Inc.*, 33 F.3d 931, 932 (8th Cir. 1994)(party in default did not waive right to have judgment entered by and motion to vacate default judgment decided by Article III judge). Therefore, by a separate order we have directed the Clerk of Court to reassign this case to a district judge. We will proceed by recommending a disposition of this case in accordance with the above discussion.

III. Recommendations.

Based on the foregoing, it is recommended that the plaintiff's motion (doc. 38) for default judgment be granted, that judgment in the amount of $ 131,657.67 be entered in favor

of the plaintiff and against defendant Altieri Enterprises, Inc. d/b/a Altieri Homes and that the case file be closed.

/s/ J. Andrew Smyser
J. Andrew Smyser
Magistrate Judge

DATED: December 14, 2009.