IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PAUL PASQUALINI, JR.,             :
                                  :        4:08-cv-1215
            Plaintiff,            :
                                  :        Hon. John E. Jones III
      v.                          :
                                  :        Hon. J. Andrew Smyser
ALTIERI ENTERPRISES, INC.         :
                                  :
            Defendant.            :

## MEMORANDUM

### January 5, 2010

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation

("R&R") of Magistrate Judge J. Andrew Smyser (Doc.43), filed on December 14,

2009, which recommends that the Plaintiff's Motion for Default Judgment (Doc.

38) be granted, that judgment in the amount of $131,657.67 be entered in favor of

the Plaintiff and against the Defendant and that the case be closed. No objections

to the R&R have been filed by any party.[1] For the reasons set forth below, the

Court will adopt the R&R.

---

[1] Objections were due by December 31, 2009.

## I. STANDARD OF REVIEW

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it. Thomas v. Arn, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The Court's examination of this case confirms the Magistrate Judge's determinations.

## II. PROCEDURAL BACKGROUND

Plaintiff, Paul J. Pasqualini, Jr., commenced this action by filing a Complaint on June 26, 2008, naming as Defendants Altieri Enterprises, Inc. d/b/a Altieri Homes and Greig Altieri, individually and d/b/a Altieri Enterprises, Inc.[2] On

---

[2] Defendant Greig Altieri was dismissed from the case by motion.

August 27, 2008, the Clerk of Court entered the default of defendant Altieri

Enterprises, Inc. d/b/a Altieri Homes. On October 6, 2009, the Plaintiff filed a

Motion for Default Judgment against Defendant Altieri Enterprises, Inc. d/b/a

Altieri Homes. A hearing was held before Magistrate Judge Smyser on November

19, 2009. Defendant Altieri Enterprise, Inc. d/b/a Altieri Homes did not appear at

the hearing. Plaintiff presented damages evidence at the hearing and filed a post-

hearing submission. The instant R&R recommends that the Court grant the

Plaintiff's Motion for Default Judgment. (Doc. 38).

## III.   DISCUSSION

After a full hearing and post-hearing submissions, Magistrate Judge Smyser

recommends that a default judgment against Defendant Altieri Enterprises, Inc.

d/b/a Altieri Homes be granted pursuant to F.R.C.P. 55(b)(2). The Magistrate

Judge recommends that damages be awarded in the amount of $131,657.67.

As we have already mentioned, neither Defendants nor Plaintiff have filed

objections to this R&R. Because we agree with the sound reasoning that led the

Magistrate Judge to the conclusions in the R&R, we will adopt the R&R in its

entirety. With a mind towards conserving judicial resources, we will not rehash the

reasoning of the Magistrate Judge; rather, we will attach a copy of the R&R to this

document, as it accurately reflects our consideration and resolution of the case <u>sub</u> <u>judice</u>. An appropriate Order shall issue.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PAUL PASQUALINI, JR.,          :
                               :          4:08-cv-1215
              Plaintiff,       :
                               :          Hon. John E. Jones III
       v.                      :
                               :          Hon. J. Andrew Smyser
ALTIERI ENTERPRISES, INC.      :
                               :
              Defendant.       :

## <u>ORDER</u>

### January 5, 2010

In accordance with the Memorandum issued on today's date, it is hereby

**ORDERED** that:

1.  The Report and Recommendation of Magistrate Judge J. Andrew
    Smyser (Doc.43) filed on December 14, 2009 is **ADOPTED** in its
    entirety.

2.  The Plaintiff's Motion for Default Judgment (Doc. 38) is
    **GRANTED**.

3.  Judgment in the amount of $131,657.67 IS entered in favor of the
    Plaintiff and against the Defendant Altieri Enterprises, Inc. d/b/a
    Altieri Homes.

1

4.    The Clerk of Court is directed to **CLOSE** this case.

s/ John E. Jones III
John E. Jones III
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAUL PASQUALINI, JR. | : | **CIVIL NO. 4:08-CV-1215** |
| | : | |
| Plaintiff | : | (Magistrate Judge Smyser) |
| | : | |
| v. | : | |
| | : | |
| ALTIERI ENTERPRISES, INC. and | : | |
| GREIG ALTIERI, | : | |
| | : | |
| Defendants | : | |

## <u>REPORT AND RECOMMENDATION</u>

I. Background and Procedural History.

The plaintiff, Paul J. Pasqualini, Jr., commenced this action by filing a complaint on June 26, 2008. The defendants named are: 1) Altieri Enterprises, Inc. d/b/a Altieri Homes; and 2) Greig Altieri, individually and d/b/a Altieri Enterprises, Inc.

On August 27, 2008, the Clerk of Court entered the default of defendant Altieri Enterprises, Inc. d/b/a Altieri Homes.

Based on the consent to proceed before a magistrate judge stated by the plaintiff and defendant Greig Altieri in the Joint Case Management Plan, this case was reassigned to this magistrate judge on October 30, 2008.

Defendant Grieg Altieri filed a motion to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6) on September 12, 2008. By an Order dated November 18, 2008, we granted defendant Greig Altieri's motion to dismiss for failure to state a claim upon which relief may be granted. We granted the plaintiff leave to file an amended complaint to properly plead, if appropriate, a claim against defendant Greig Altieri.

The plaintiff filed an amended complaint on December 31, 2008.

A case management conference was held on January 16, 2009. The plaintiff and defendant Greig Altieri participated in the conference. Defendant Altieri Enterprises, Inc. d/b/a Altieri Homes did not participate in the conference. At the conference, the plaintiff and defendant Greig Altieri agreed

2

that the plaintiff would withdraw the amended complaint and that the original complaint would be reinstated as it existed on December 30, 2008.

The plaintiff filed an unopposed motion to withdraw the amended complaint and reinstate the original complaint on February 12, 2009.  By an Order dated February 18, 2009, the plaintiff's motion was granted.  The Order of February 18, 2009 provides that the first amended complaint is deemed withdrawn, that the complaint filed June 26, 2008 and the default entered against defendant Altieri Enterprises, Inc. d/b/a Altieri Homes remain in effect, and that the complaint as to defendant Greig Altieri remains dismissed pursuant to this Court's order dated November 20, 2008.

The plaintiff alleges the following in his original complaint with regard to Defendant Altieri Enterprise, Inc. d/b/a Altieri Homes.

The defendant is a Maryland corporation that promotes, offers and sells to consumers real property upon which residential homes are constructed.

The plaintiff and the defendant entered into an agreement for the sale of real property known as Lot #14 Rolling Hills Estates in York County, Pennsylvania.  Settlement occurred on July 21, 2005.  However, despite a provision in the agreement of sale that a deed was to be delivered to the plaintiff upon payment of the balance due, a deed was not delivered to the plaintiff at settlement.

On July 28, 2005, one week after settlement, Greig Altieri, as declarant for Altieri Enterprises, Inc., recorded with the York County Recorder of Deeds a "Declaration of Rolling Hills Estates, a Planned Community" and "By-Laws for the Rolling Hills Estates Homeowners association."  The defendant executed and recorded the Declaration and By-Laws without actual or constructive notice to the plaintiff.  On July 29, 2005, eight days after settlement and one day after recording the Declaration and Bylaws, the defendant executed a

4

special warranty deed in favor of the plaintiff for Lot #14.
The deed makes no mention of the Declaration.  The deed was
returned to the title company and was recorded on August 8,
2005.

In October of 2005, an agent for the defendant
delivered a copy of the Declaration and By-Laws to the
plaintiff's residence.  In April of 2008, the plaintiff
received an invoice from a corporation which manages the
Rolling Hills Estates Home Owners Association demanding that
the plaintiff pay $150.00 in association dues.

The plaintiff specifically contracted to purchase a
home unencumbered by a homeowners association.  The plaintiff
expended funds to improve the property based upon the
representation of the defendants that the property was not
encumbered by a homeowners association.  However, under the
Declaration and By-Laws the plaintiff is now subject to
homeowners association dues continuing in perpetuity,
restrictions on the use of his property and the edicts of a
homeowners association.

5

The plaintiff alleges that the defendant acted fraudulently and with malice by entering into the agreement of sale for unencumbered property but then executing and recording the Declaration and By-Laws and then executing and delivering a deed to the property.

The complaint contains four counts.

Count I is a breach of contract claim based on the defendant's alleged breach of the agreement of sale. As relief, the plaintiff seeks rescission of the agreement of sale at the plaintiff's discretion, restitution of moneys paid by the plaintiff, disgorgement of ill gotten gains, attorneys fees and costs and such other relief as the Court may deem proper or, in the alternative, damages, attorneys fees and costs and such further relief as the Court deems appropriate.

Count II is a claim under Pennsylvania's Uniform Planned Community Act, 68 Pa.C.S.A. § 5101 et seq. As relief, the plaintiff seeks a declaratory judgment, damages, attorneys

fees and costs and such other relief as the Court deems
appropriate.

Count III is a claim for fraudulent misrepresentation.
As relief, the plaintiff seeks rescission of the agreement of
sale at the plaintiff's discretion, restitution of moneys paid
by the plaintiff, disgorgement of ill gotten gains,
compensatory damages, punitive damages, attorneys fees and
costs and such other relief as the Court deems appropriate.

Count IV is a claim under Pennsylvania's Unfair Trade
Practices and Consumer Protection Law (UTPCPL), 73 Pa.C.S.A.
§ 201-1 et seq.  As relief, the plaintiff seeks a declaratory
judgment that the plaintiff is entitled to relief and the
equitable remedy of rescission of the agreement of sale at the
plaintiff's discretion, restitution of moneys paid by the
plaintiff, treble damages separate and distinct from
restitution, attorneys fees and costs and such other relief as
the Court may deem proper or, in the alternative, treble
damages, restitution, costs and attorneys fees and any such
further relief as the Court may deem proper.

7

In August of 2009, the plaintiff sold the property to a third party.

On October 6, 2009, the plaintiff filed a motion for a default judgment against defendant Altieri Enterprises, Inc. d/b/a Altieri Homes.  On November 19, 2009, the undersigned conducted a hearing on the plaintiff's motion for a default judgment.  Defendant Altieri Enterprises, Inc. d/b/a Altieri Homes did not appear at the hearing.  At the hearing, the plaintiff presented damages evidence.  After the hearing, the undersigned ordered the plaintiff to file a brief concerning the correct measure of damages.  On December 9, 2009, the plaintiff filed such a brief.

II.  Discussion.

The plaintiff is seeking a default judgment against defendant Altieri Enterprises, Inc. d/b/a Altieri Homes. Defendant Altieri Enterprises, Inc. d/b/a Altieri Homes has not filed an answer or otherwise defended this case.

8

Pursuant to Fed.R.Civ.P. 55(b)(2), the court may enter a default judgment against a party how has failed to plead or otherwise defend. "When an application is made to the court under Rule 55(b)(2) for the entry of a judgment by default, the district judge is required to exercise sound judicial discretion in determining whether the judgment should be entered." 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2685 (3d ed.). "Three factors control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). "Where a court enters a default judgment, 'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" *DIRECTV, Inc. v. Pepe,* 431 F.3d 162, 165 n.6 (3d Cir. 2005)(quoting *Comdyne I, Inc. V. Corbin,* 908 F.2d 1142, 1149 (3d Cir. 1990)).

In the instant case, if a default judgment is denied the plaintiff faces the prejudice of not being able to proceed

9

with this action because defendant Altieri Enterprises, Inc.

d/b/a Altieri Homes has not appeared or otherwise defended this

action.  Defendant Altieri Enterprises, Inc. d/b/a Altieri

Homes has asserted no defense to the plaintiff's claims which,

accepting the factual allegations of the complaint as true, are

claims upon which relief may be granted.  Finally, the delay in

this case is due to defendant Altieri Enterprises, Inc. d/b/a

Altieri Homes' failure to appear in this case despite

apparently being properly served with the summons and

complaint.

Entry of a default judgment against defendant Altieri

Enterprises, Inc. d/b/a Altieri Homes is appropriate.

On November 19, 2009, the undersigned held a hearing on

the motion for a default judgment.  At the hearing, the

plaintiff testified that he purchased the property without

notice that it would be encumbered by a homeowners association,

that had he been aware that the property would be encumbered by

a homeowners association he would not have purchased the

property and that he decided to sell the property to get out of

the homeowners association.  Further, at the hearing the plaintiff, through his own testimony and documentary exhibits, provided evidence regarding the amounts that he is seeking in damages.

The plaintiff is seeking damages for the costs he incurred associated with purchasing the property and then later selling the property.  The plaintiff is also seeking damages for sums that he spent on permanent improvements to the property that he made before learning that the property was encumbered by a homeowners association.  In addition, with respect to certain counts of the complaint[1] the plaintiff is seeking damages in the amount he paid in real estate taxes and hazard insurance while he owned the property.[2]

---

1.    The plaintiff is seeking these amounts only with respect to Counts III (fraudulent misrepresentation) and IV (UTPCPL) of the complaint.

2.    In his motion for a default judgment, the plaintiff also sought damages in the amount of interest that he paid on the mortgages on the property while he owned the property.  However, in his post-hearing brief, the plaintiff does not seek damages in the amount of interest that he paid on the mortgages on the property while he owned the property.  The plaintiff has abandoned his claim to such sums.

11

The plaintiff is entitled to damages for the costs he incurred in purchasing and later selling the property as well as for improvements he made to the property before learning that it was encumbered by a homeowners association.  However, because the plaintiff would have had to pay real estate taxes and hazard insurance on the property regardless of whether or not it was encumbered by a homeowners association and because the plaintiff enjoyed the use of the property during the time that he paid the taxes and insurance on the property, we conclude that the plaintiff is not entitled to damages in the amount that he paid for real estate taxes and hazard insurance on the property.

We accept the plaintiff's calculation of his damages for the costs he incurred in purchasing and later selling the property as well as for improvements he made to the property before learning that it was encumbered by a homeowners association as $43,885.89.

Pursuant to the UTPCPL, the court may, in its discretion, treble the actual damages suffered by the

plaintiff. 73 P.S. 201-9.2 (2008). The court's discretion to treble damages under the UTPCPL is "not closely constrained by the common-law requirements associated with the award of punitive damages." *Schwartz v. Rockey,* 932 A.2d 885, 898 (Pa. 2007). Rather, the court "should focus on the presence of intentional or reckless, wrongful conduct, as to which an award of treble damages would be consistent with, and in furtherance of, the remedial purposes of the UTPCPL." *Id.*

Given that the plaintiff and defendant Altieri Enterprises, Inc. d/b/a Altieri Homes settled on the property on July 21, 2005, that on July 28, 2005, the homeowners association declaration and bylaws were recorded and that on July 29, 2005 (eight days after settlement and one day after recording the declaration and bylaws) the defendant executed a special warranty deed in favor of the plaintiff, we conclude that defendant Altieri Enterprises, Inc. d/b/a Altieri Homes engaged in intentional or reckless wrongful conduct warranting treble damages. Accordingly, we treble $43,885.89 to arrive at a total damages figure of $131,657.67.

The unopposed motion for default judgment against defendant Altieri Enterprises, Inc. d/b/a Altieri Homes should be granted. However, since defendant Altieri Enterprises, Inc. d/b/a Altieri Homes has not consented to proceed before a magistrate judge, the undersigned can not enter default judgment against it. See *Henry v. Tri-Services, Inc.*, 33 F.3d 931, 932 (8th Cir. 1994) (party in default did not waive right to have judgment entered by and motion to vacate default judgment decided by Article III judge). Therefore, by a separate order we have directed the Clerk of Court to reassign this case to a district judge. We will proceed by recommending a disposition of this case in accordance with the above discussion.

III. Recommendations.

Based on the foregoing, it is recommended that the plaintiff's motion (doc. 38) for default judgment be granted, that judgment in the amount of $ 131,657.67 be entered in favor

14

of the plaintiff and against defendant Altieri Enterprises,
Inc. d/b/a Altieri Homes and that the case file be closed.


                                    /s/ J. Andrew Smyser
                                    J. Andrew Smyser
                                    Magistrate Judge
DATED: December 14, 2009.

15

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PAUL PASQUALINI, JR.   :  **CIVIL NO. 4:08-CV-1215**
          :
    Plaintiff   :  (Magistrate Judge Smyser)
          :
   v.      :
          :
ALTIERI ENTERPRISES, INC. and :
GREIG ALTIERI,    :
          :
    Defendants  :

## NOTICE

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3 of the Rules of Court, M.D.Pa., which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.